Mariam S. Marshall, Esq. (Bar No.157242)
Zunilda Ramos, Esq. (Bar No. 161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
The Westlake Building
350 Frank H. Ogawa Plaza, Suite 603
Oakland, California 94612
(510) 835-8359 Telephone
(510) 835-8259 Facsimile
mmarshall@marshallramoslaw.com

Attorneys for Trustee,
FRED HJELMESET

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

RICARDO GONZALES CRUZ and
IMELDA SULIT CRUZ,

Debtors.

Case No. 11-46454

Chapter 7

**TRUSTEE'S EX-PARTE MOTION TO EXTEND TIME TO OBJECT TO DEBTORS' DISCHARGE**

FRED HJELMESET, Chapter 7 trustee ("Trustee") of the above-referenced estate of RICARDO CRUZ and IMELDA CRUZ ("Debtors") hereby moves for an order extending the time to file a complaint objecting to the Debtors' discharge pursuant to 11 U.S.C. Section 727 for the Trustee and for the Office of the United States Trustee on the following grounds:

1.   This motion is made pursuant to FRBP 1017(e) and 4004(b), to allow the Trustee to further review this Chapter 7 case and to determine whether to file a complaint objecting to the Debtors' discharge.

2.   The Debtors commenced this Chapter 7 case on June 15, 2011.

3.   The Debtors failed to file their schedules until July 15, 2011, the date of the initial Section 341 hearing. Therefore, the Trustee continued the Debtors' Section 341 hearing to July 29, 2011.

4.   The Trustee continued the Section 341 hearing on July 29, 2011, to August 12, 2011, in order for the Debtors to produce bank statements for disclosed and undisclosed accounts, to turnover non-exempt funds, and to provide documents reflecting

1

TRUSTEE'S EX-PARTE MOTION TO EXTEND TIME TO OBJECT TO DEBTORS' DISCHARGE

Case: 11-46454    Doc# 32    Filed: 09/08/11    Entered: 09/08/11 17:17:59    Page 1 of 4

| | |
|---|---|
| 1 | the disposition of funds withdrawn by the Debtors from their bank accounts on the eve of |
| 2 | bankruptcy. On July 30, 2011, the Trustee wrote to the Debtors' counsel confirming the |
| 3 | records, information and assets to be turned over by the Debtor by August 3, 2011. (See |
| 4 | Hjelmeset Declaration). |
| 5 | 5. The Debtors failed to turnover the requested documents, information and |
| 6 | non-exempt property. The Trustee continued the Debtors' Section 341 hearing from July |
| 7 | 29, 2011 to August 12, 2011, for the Debtors to produce the requested documents and |
| 8 | turnover the non-exempt assets. (See Hjelmeset Declaration). |
| 9 | 6. On August 2, 2011, the Trustee received correspondence from Elliott Gale, |
| 10 | the Debtors' counsel, apologizing for the delay in responding to the Trustee's turnover |
| 11 | demand. (See Hjelmeset Declaration). |
| 12 | 7. The Debtors failed to turnover all the requested documents and non-exempt |
| 13 | property and the Trustee continued the Section 341 hearing to September 9, 2011. (See |
| 14 | Hjelmeset Declaration). |
| 15 | 8. In total, the Trustee has continued the Debtors' Section 341 hearings three |
| 16 | times for the Debtors' to turnover records and property of the estate. (See Hjelmeset |
| 17 | Declaration). |
| 18 | 9. The Trustee review of the schedules and the documents produced by the |
| 19 | Debtors to date reflect that the Debtors had $12,716.05 of non-exempt funds in various |
| 20 | bank accounts on the date of commencement of the case. The Trustee has demanded |
| 21 | turnover of these funds. To date, the Debtors have failed to turnover these non-exempt |
| 22 | funds. (See Hjelmeset Declaration). |
| 23 | 10. The Trustee's investigation and review of the Debtors' records |
| 24 | indicates that the Debtors withdrew $17,488.82 from various accounts on the date of |
| 25 | commencement of the bankruptcy case and have failed to account for these funds or turn |
| 26 | them over despite repeated demands by the Trustee. (See Hjelmeset Declaration). |
| 27 | 11. The Debtors also have a number of automobiles with non-exempt equity. |
| 28 | The Debtors have continued to use the vehicles, have not provided evidence of insurance |

for the vehicles and have failed to turn them over to the Trustee. (See Hjelmeset Declaration).

12. The Trustee has ascertained from the bank statements that he has received from the Debtors, that the Debtors had $30,164.87 in non-exempt funds on the date of commencement of the their bankruptcy case, which funds the Debtors have failed and refused to turnover and provide an accounting for. Additionally, the Debtors have non-exempt automobiles which are continuing to depreciate in value, which they have also failed to turnover. (See Hjelmeset Declaration).

13. The Trustee retained the firm of Marshall & Ramos, LLP on September 7, 2011, as his counsel to assist the Trustee to recover these assets and if appropriate, to oppose the Debtors' discharge.

14. Based upon the information contained in the Debtors' bankruptcy schedules and the limited evidence procured by the Trustee, the Trustee will need additional time to investigate the Debtors' actions and affairs in order to determine the appropriate course of action regarding the Debtors' discharge.

15. It is evident from the Debtors conduct to date, that the Debtors may not intend to turnover the non-exempt assets, provide an accounting and turnover the records requested by the Trustee.

16. Because September 13, 2011, is the deadline to object to the Debtors' discharge, and the Trustee's counsel has not had an opportunity to become familiar with the case, the facts and circumstances surrounding the case, and the Debtors' actions and inactions, the Trustee is filing the within Motion to extend the deadline to object to the Debtors' discharge.

17. Federal Rules of Bankruptcy Procedure 1017(e)(1) and 4004(a) provide that the Trustee may file a complaint objecting to the Debtors' Discharge not later than 60 days following the first date set for the meeting of creditors unless, before such time has expired, a motion is filed to extend the time for filing the motion or complaint.

18. Federal Rules of Bankruptcy Procedure 9006(b)(1) provides:

> "[W]hen an act is required or allowed to be done at or within a specific period by these ruled...., the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request thereof is made before the expiration of the of the period originally prescribed." FRBP 9006(b)(1).

19. The first date for the 11 U.S.C. Section 341 meeting of creditors was July 15, 2011. Accordingly, this motion is timely as it is being brought not later than sixty (60) days following the first date set for the meeting of creditors or by September 13, 2011.

20. Based on the foregoing, the Trustee submits that there is cause to extend the deadline for filing a complaint objecting to the Debtor's discharge.

**WHEREFORE,** the Trustee respectfully requests that the Court extend by 120 days, i.e., to January 10, 2012, the time within which the Trustee and the Office of the United States Trustee may file a complaint objecting to the Debtors' discharge, or for such other relief that the Court deems appropriate.

DATED: September 8, 2011        MARSHALL & RAMOS, LLP

　　　　　　　　　　　　　　　　　　/s/ Mariam S. Marshall
　　　　　　　　　　　　　　　　　　Mariam S. Marshall,
　　　　　　　　　　　　　　　　　　Attorneys for Trustee
　　　　　　　　　　　　　　　　　　FRED HJELMESET

4

Case 11-46454  Doc# 32  Filed 09/08/11  Entered 09/08/11 17:17:59  Page 4 of 4
TRUSTEE'S EX-PARTE MOTION TO EXTEND TIME TO OBJECT TO DEBTORS' DISCHARGE